**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ANTOINE AMIRA,

*Plaintiff*,

v.

CHASE HUGHES,
MASTERCLASS NCI UNIVERSITY, and
APPLIED BEHAVIOR RESEARCH LLC,

*Defendants*.

Civil Action No.:

**Jury Trial Demanded**

## COMPLAINT

Plaintiff Antoine Amira ("Plaintiff"), by and through his attorneys, Hunton Andrews Kurth LLP, for his Complaint against defendants Chase Hughes, Masterclass NCI University, and Applied Behavior Research LLC (collectively, "Defendants"), alleges, based on his personal knowledge and otherwise on information and belief, the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for copyright infringement based on the unauthorized copying of his video interview with Rex Heuermann, the alleged Long Island serial killer.

2. Plaintiff is a digital content creator who conducted a video interview with Mr. Heuermann prior to his arrest.

3. Mr. Heuermann, an architect from Long Island, was arrested and charged in connection with the Gilgo Beach serial killings—a series of murders of primarily sex workers whose remains were found along Ocean Parkway between 1993 and 2011.

4. Plaintiff's video is the only known recording of Mr. Heuermann in which he openly discusses his life and work.

5. Following Mr. Heuermann's arrest, there has been significant national and international interest in the interview.

6. Numerous networks and production companies have contacted Plaintiff to obtain licenses for the interview, and have lawfully displayed it on their platforms or websites.

7. Defendant Chase Hughes operates the YouTube channel @chasehughesofficial, which has approximately 1.91 million subscribers.[1]

8. Hughes runs an organization called Masterclass NCI University, and Applied Behavior Research LLC is its parent company.[2]

9. On July 23, 2026, Plaintiff learned that a video about Mr. Heuermann on the channel used content from Plaintiff's interview without Plaintiff's permission.

10. Plaintiff contacted Defendants seeking compensation for the unauthorized use. Defendants later requested a direct link to the specific video; Plaintiff understood that the video had been removed from the channel.

11. Plaintiff alleges that the use of his work was unauthorized and that he has not been compensated for it.

12. Accordingly, Plaintiff sues for copyright infringement under the United States Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. § 101 et seq.

13. Plaintiff seeks remedies afforded by the Copyright Act, including preliminary and permanent injunctive relief, Plaintiff's damages and Defendants' profits from their alleged infringing conduct, and other monetary relief.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

15. This Court has specific jurisdiction over the defendants given the nature of the complaint involves digitally uploaded infringing content pursuant to N.Y. C.P.L.R. § 302(a)(3)(ii).

16. Venue in this district must be established. Insert verified facts and the applicable legal basis for venue, including under 28 U.S.C. § 1400(a), and any other applicable provision.

## PARTIES

---

[1] YouTube – Chase Hughes Official, YouTube; https://www.youtube.com/@chasehughesofficial (last visited 11/11/2026)

[2] NCI University; https://masterclass.nci.university/ (last visited 11/11/2026)

17. Plaintiff Antoine Amira is an individual who resides in the Bronx, New York.

18. Defendant Chase Hughes is an individual who operates the YouTube channel @chasehughesofficial.

19. Defendant Masterclass NCI University is an organization run by Hughes – as referenced in the link section of his YouTube page.

20. Defendant Applied Behavior Research LLC is the parent company of Masterclass NCI University. Its principal place of business is 219 Milton Ellendale Highway, Milton, DE, 19968.

## FACTS

### A. Plaintiff and His Copyrighted Work

21. Plaintiff is a digital content creator recognized for the video series Lunchtime and L'Interview by Antoine.

22. He created a YouTube channel titled Bonjour Realty, where he regularly published episodes from both series.

23. Plaintiff established a consistent posting schedule, releasing new content every Tuesday and Thursday. On Tuesdays, he showcased rental apartment listings in the Lunchtime series—a name chosen to reflect the common practice among New Yorkers of exploring real estate options during their lunch breaks.

24. On Thursdays, Plaintiff released episodes of L'Interview by Antoine, featuring interviews on a range of topics. Twice a month, he interviewed professionals within the real estate industry, including architects, electricians, and construction experts.

25. The other two episodes each month highlighted individuals outside the real estate field who are part of the fabric of New York City's culture, such as a Mister Softee truck operator, a fashion designer, a DJ, and a dog trainer.




26. Plaintiff has appeared as a guest on CBS New York, Banfield Show on NewsNation, and Dateline.

27. His work reflects a commitment to engaging audiences with informative and thought-provoking content.

28. One of Plaintiff's most popular works on L'Interview by Antoine is his interview with Rex Heuermann, the alleged Long Island serial killer.

29. Prior to his arrest in 2023, Mr. Heuermann was a New York-based architect who founded and operated RH Consultants and Associates in Manhattan.

30. On February 6, 2022, Plaintiff conducted an interview of Mr. Heuermann, in which they discussed his work as an architect.

31. Plaintiff created a video recording of the interview ("Copyrighted Work").




32. As a result, Plaintiff owns any and all copyright rights in the Copyrighted Work. True and correct copies of a few snapshots of the Copyrighted Work are to be attached hereto as Exhibit A.

33. The Copyrighted Work is wholly original, and Plaintiff is the exclusive owner of all rights, title, and interest, including all rights under copyright, in the Copyrighted Work.

34. Plaintiff is the owner of valid and subsisting United States Copyright Registration No. PA 2-542-789 for the Copyrighted Work, issued by the United States Copyright Office on July 31, 2025. A true and correct copy of the registration certificate is to be attached as Exhibit B.

35. Plaintiff has displayed the Copyrighted Work by making it available on his YouTube channel.

36. Given that Plaintiff's interview is the only known live recording of Mr. Heuermann prior to his arrest and he openly speaks about his professional and personal life, the video has generated significant public interest.

37. Indeed, numerous parties have reached out to Plaintiff and requested a license to use the Copyrighted Work.

38. For example, the following networks or production companies have reached out to Plaintiff and requested a license to use segments of the Copyrighted Work: ABC, CBS, NBC, CNN, NewsNation, Unhwa Broadcasting Corporation (TV Show "Superpol" (South Korea)), Clearance Pro for People Magazine, Texas Crew, Nextstar-PIX 11, and Empress Films (UK production).

39. The Copyrighted Work is of significant value to Plaintiff because he has been able to receive licensing fees from others to use the footage for their programs.

**B. Defendants' Infringing Conduct**

40. Chase Hughes operates the YouTube channel @chasehughesofficial. The channel has approximately 1.91 million subscribers.

41. Hughes runs Masterclass NCI University, whose parent company is Applied Behavior Research LLC.

42. On July 23, 2026, Plaintiff was made aware that Hughes had posted a video about Rex Heuermann on the YouTube channel that used content from the Copyrighted Work.

43. The content from the Copyrighted Work appeared in the video without Plaintiff's authorization.

44. Plaintiff had not granted permission for the use of the Copyrighted Work in that video and sought compensation for the use.

45. On July 23, 2026, Plaintiff contacted Defendants by email, notified them of the alleged infringement, and requested compensation.

46. The link Plaintiff provided in connection with the alleged infringing content was https://www.youtube.com/@chasehughesofficial/search?query=rex%20heuerman. While URL was previously a direct link to an individual video; the link is now inactive, given the video was presumably removed by Defendants.

47. After receiving no response, Plaintiff sent a reminder email to Defendants on August 31, 2026.

48. On September 21, 2026, a representative named "Jill" from Defendants support team responded to Plaintiff's email as follows: "Hi Antoine,

Thank you for following up. We received your email and want to make sure we're looking at the correct video. The YouTube link you provided is taking us to a general search page and isn't showing the specific video you're referencing. Could you please send us the direct link to the video where you believe your footage was used? Once we have the direct link, we'll be able to review this with our team."

49. At that time, Plaintiff understood that the video had been removed from the YouTube channel. Plaintiff believed that Defendants were feigning ignorance of the video.

50. In response to the September 21, 2026 email, Plaintiff notified Defendants that he would initiate suit.

51. On information and belief, the video reproduced and publicly displayed portions of the Copyrighted Work without Plaintiff's authorization.

52. On information and belief, Defendants' copying and exploitation of portions of the Copyrighted Work was willful and in disregard of Plaintiff's rights.

53. On further information and belief, Defendants' alleged infringing conduct was undertaken to reap the creative and artistic benefit and value associated with the Copyrighted Work.

54. By using the Copyrighted Work without obtaining Plaintiff's authorization or compensating him, Defendants avoided paying license fees and other costs associated with permission to exploit the Copyrighted Work, as well as the restrictions that Plaintiff is entitled to and would place on any such exploitation as conditions for Plaintiff's permission, including the right to deny permission altogether.

55. As a result of the alleged unauthorized use, Plaintiff has been damaged in an amount to be proven at trial. Defendants have not compensated Plaintiff for the use of the Copyrighted Work.

56. Plaintiff alleges that, unless restrained, further unauthorized use of the Copyrighted Work may cause injury for which monetary relief may be inadequate.

## COUNT ONE

## FEDERAL COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

57. Plaintiff repeats and realleges paragraphs 1 through 56 hereof, as if fully set forth herein.

58. The Copyrighted Work is an original video of an interview with Rex Heuermann. It contains copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et seq. Plaintiff is the exclusive owner of rights under copyright in and to the Copyrighted Work. Plaintiff owns a valid copyright registration for the Copyrighted Work. A copy of the registration certificate is to be attached as Exhibit B.

59. Through the conduct alleged herein, including reproduction and public display of portions of the Copyrighted Work without Plaintiff's permission, Defendants have directly infringed Plaintiff's exclusive rights in the Copyrighted Work in violation of 17 U.S.C. § 501.

60. On information and belief, Defendants' infringing conduct alleged herein was willful and with knowledge of Plaintiff's rights in the Copyrighted Work, and enabled Defendants to obtain profit therefrom.

61. As a direct and proximate result of Defendants' infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff also seeks recovery of Defendants' profits attributable to the alleged infringement, and an accounting of and a constructive trust with respect to such profits.

62. Plaintiff seeks damages in an amount to be proven at trial.

63. Plaintiff seeks attorneys' fees and costs pursuant to 17 U.S.C. § 505.

64. As a direct and proximate result of Defendants' alleged infringing conduct, Plaintiff has sustained injury. On information and belief, unless Defendants' infringing conduct is enjoined by this Court, Defendants may continue to infringe the Copyrighted Work. Plaintiff seeks preliminary and permanent injunctive relief.

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. That Defendants have violated 17 U.S.C. § 501.

2. Granting an injunction permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of

those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

(a) distributing, marketing, advertising, promoting, displaying, performing, or selling or authorizing any third party to distribute, market, advertise, promote, display, perform, or sell the Copyrighted Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work; and

(b) aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraph (a).

3. That Defendants be ordered to provide an accounting of Defendants' profits attributable to Defendants' infringing conduct, including Defendants' profits from sales and any other exploitation of the Copyrighted Work, and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work.

4. That Defendants be ordered to destroy or deliver up for destruction all materials in Defendants' possession, custody, or control used by Defendants in connection with Defendants' infringing conduct, including without limitation all remaining copies of the Copyrighted Work and any products and works that embody any reproduction or other copy or colorable imitation of the Copyrighted Work, as well as all means for manufacturing them.

5. That Defendants, at their own expense, be ordered to recall the Copyrighted Work from any distributors, retailers, vendors, or others that have distributed the Copyrighted Work on Defendants' behalf, and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work, and that Defendants be ordered to destroy or deliver up for destruction all materials returned to them.

6. Awarding Plaintiff:

(a) Defendants' profits obtained as a result of Defendants' infringing conduct, including but not limited to all profits from sales and other exploitation of the Copyrighted Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work, or in the Court's discretion, such amount as the Court finds to be just and proper;

(b) damages sustained by Plaintiff as a result of Defendants' infringing conduct, in an

amount to be proven at trial; and

(c) Plaintiff's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

7. Awarding Plaintiff interest, including pre-judgment and post-judgment interest, on the foregoing sums.

8. Awarding such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: November 20, 2026

Respectfully Submitted,

*/s/ Armin Ghiam*

Armin Ghiam
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, NY 10166
Tel.: (212) 309-1000
Fax: (212) 309-1100
Email: aghiam@Hunton.com

*Attorneys for Plaintiff*
*Antoine Amira*